UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22180-GAYLES
(06-cr-20415-ROSENBERG)

**CELAFOI DOLY,**

    **Movant,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

**ORDER DISMISSING MOTION TO VACATE – 28 U.S.C. § 2255**

**THIS CAUSE** comes before the Court on Movant Celafoi Doly's ("Movant") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). [ECF No. 1]. No Government response has been ordered because it plainly appears from the Motion and the record that Movant's claims are untimely. *See* Rules Governing § 2255 Proceedings, R. 4(b). For the reasons set forth below, the Motion is **DISMISSED WITH PREJUDICE**.[1]

**I.    BACKGROUND**

On July 11, 2006, Movant and his co-defendant were indicted for Conspiracy to Commit Hostage Taking (Count 1) and Hostage Taking (Count 2), in violation of 18 U.S.C. § 1203(a). *See* [ECF-Cr. No. 3].[2] On November 9, 2006, Movant pled guilty to both counts. *See* [ECF-Cr. No. 38]. On January 18, 2007, Movant was sentenced to 292 months' imprisonment. *See* [ECF-Cr. No.

---

[1] The dismissal of a § 2255 motion as time-barred is a dismissal with prejudice and constitutes a merits adjudication for second-or-successive purposes. *See Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007)).

[2] Citations to "ECF-Cr." refer to the docket in Movant's underlying criminal case, Case No. 06-cr-20415-ROSENBERG.

52]. Movant did not appeal, so his conviction became final on February 1, 2007, when the 14-day period for filing a direct appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires" (alterations added)). On May 25, 2023,[3] Movant filed the instant § 2255 Motion to Vacate, raising three claims of ineffective assistance of counsel. *See* [ECF No. 1].

## II.    LEGAL STANDARD

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) (collecting cases)).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year

---

[3] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (quotation omitted). "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id*. Movant's Motion is unsigned and undated, but this Court believes it was filed on May 25, 2023, because that is the date he signed his Motion to Appoint Counsel, which was received and docketed by the Clerk of Court on the same day. [ECF No. 3 at 7]. In any event, it is unnecessary to determine the exact filing date because the Motion was obviously filed well beyond the one-year statute of limitations. Movant cites a case, *Concepcion v. United States*, 142 S. Ct. 2389 (2022), that was decided fifteen years after his conviction became final.

limitation period for filing motions to vacate. The one-year period runs from the latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Rule 4(b) of the Rules Governing § 2255 Proceedings states that a § 2255 Motion to Vacate can be summarily dismissed "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." The Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner [or movant] is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). In reviewing a motion under Rule 4, district courts must construe it liberally. *Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted).

### III. DISCUSSION

#### A. Timeliness

The Motion must be summarily dismissed under Rule 4 because it plainly appears from the Motion and the record that it is untimely. Movant filed the Motion on May 25, 2023, more than

sixteen years after "the date on which the judgment of conviction [became] final" on February 1, 2007. § 2255(f)(1). Moreover, the Motion does not satisfy the criteria of § 2255(f)(2)–(4). Movant does not allege that the Government created an "impediment to filing an application," § 2255(f)(2), or that "the facts supporting the claim or claims" are newly discovered, § 2255(f)(4), and the record does not support either proposition.

As for § 2255(f)(3), Movant claims that his Motion is timely under the Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). [ECF No. 1 at 11]. But *Concepcion* cannot render the Motion timely because it did not establish a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). "In considering whether a Supreme Court decision newly recognized a right that is retroactively applicable, [courts] apply the rubric developed in *Teague v. Lane*, 489 U.S. 288 (1989)." *Wert v. United States*, 596 F. App'x 914, 916–17 (11th Cir. 2015). "Under *Teague,* a court must first answer whether the Supreme Court decision in question announced a new rule." *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012). "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague*, 489 U.S. at 301. If the Supreme Court announced a new rule, "a court must then determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review." *Id*. at 1208. "*Teague* recognizes two exceptions: (1) new rules that place certain kinds of primary conduct beyond the reach of criminal law; and (2) decisions that announce 'watershed rules of criminal procedure.'" *Id*. (quoting *Teague* at 311–12).

Movant does not identify what new, retroactive rule was recognized by *Concepcion*, and this Court can discern none. *See United States v. Bradley*, No. 17-CR-9-HSO-RHW, 2023 WL

2254558, at *3 (S.D. Miss. Feb. 27, 2023) (finding that *Concepcion* did not recognize a new rule under § 2255(f)(3)). *Concepcion* merely held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404. As such, *Concepcion* does not apply at all to § 2255 motions, let alone satisfy the rubric of *Teague*. It neither placed "certain kinds of primary conduct beyond the reach of criminal law" nor announced a "watershed rule[] of criminal procedure." *Figuereo–Sanchez*, 678 F.3d at 1208. In fact, the Supreme Court acknowledged that it was simply applying a "well-established sentencing practice" in *Concepcion*. 142 S. Ct. at 2401. Yet even if *Concepcion* did recognize a new, retroactive rule, Movant does not articulate how it applies to his ineffective assistance of counsel claims. Those claims—while lacking factual support—essentially allege that Movant's counsel failed to understand the statute under which Movant was convicted and failed to challenge the indictment on the ground that Movant's conduct fell outside the scope of the statute. *See* [ECF No. 1 at 16–17]. Nothing in *Concepcion* is relevant to those claims. Thus, Movant cannot avail himself of § 2255(f)(3).

This Court may summarily dismiss the Motion, without affording Movant an additional opportunity to demonstrate timeliness, because the § 2255 form on which he filed his Motion provided sufficient notice of the statute of limitations and an opportunity to explain timeliness. *See Paez*, 947 F.3d at 655 ("Mr. Paez was provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely"); *see also Oliver v. Florida*, 803 F. App'x 305, 307 (11th Cir. 2020) (petitioner "had ample notice and opportunity [to explain timeliness] in the form petition"). That form sets forth the full text of AEDPA's statute of limitations under § 2255(f)(1)–(4) and requires a § 2255 movant

to explain why his or her motion is timely.[4] Therefore, Movant was given sufficient "notice and [an] opportunity to explain why his [motion to vacate] was timely" and summary dismissal is warranted. *Paez*, 947 F.3d at 655.

### B. Equitable Tolling and Actual Innocence Exceptions

Lastly, Movant presents no arguments for equitable tolling or actual innocence. An otherwise untimely motion can be considered if the movant affirmatively demonstrates his entitlement to one of two non-statutory exceptions. To warrant equitable tolling of the limitations period, the movant "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (cleaned up). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted). A movant's *pro se* status or ignorance of the law do not constitute "extraordinary circumstances" supporting equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Here, Movant alleges no facts that suggest that he was pursuing his rights diligently and some extraordinary circumstance stood in his way. Thus, he is not entitled to the "extraordinary remedy" of equitable tolling. *Cadet v. Fla., Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014).

"[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*

---

[4] The form states, in relevant part: "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." [ECF No. 1 at 11].

*v. Perkins*, 569 U.S. 383, 392 (2013). This exception, however, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Movant claims that his Motion is timely under "the actual innocence exception," but he presents no new evidence of actual innocence. [ECF No. 1 at 11]; *see Schlup*, 513 U.S. at 324 ("[An actual innocence] claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence[.]"). His claims, as mentioned, allege that his counsel failed to comprehend his statute of conviction and that his conduct fell outside the scope of that statute. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency."). Thus, the actual innocence exception does not apply.

## IV. EVIDENTIARY HEARING

Movant is not entitled to an evidentiary hearing because "the motion and the files and records of the case conclusively show that [Movant] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## V. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)); *Wilkinson v. Dotson*, 544 U.S. 74, 78–83 (2005)). A Court may issue a certificate of appealability only if Movant makes "a substantial showing of the denial of a

constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court has rejected a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration of the record and for the reasons explained above, this Court denies certificate of appealability.

VI. **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Vacate [ECF No. 1] is **DISMISSED WITH PREJUDICE** as time-barred.

2. No certificate of appealability shall issue.

3. The Clerk is directed to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of September, 2023.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:  **Celafoi Doly**, *pro se*
65001-004
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194